IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YAHYAA NIZAAM KELLY,

                  Plaintiff,

    v.                                     OPINION and ORDER

WISCONSIN STATE CAPITOL POLICE and             26-cv-404-jdp
SCHOOL YOU, LLC,[1]

                Defendants.

---

Plaintiff Yahyaa Nizaam Kelly, proceeding without counsel, alleges that officers of defendant Wisconsin State Capitol Police violated his federal rights during an incident in which they surrounded him and took him to the ground at the Wisconsin State Law Library. Kelly currently faces state criminal charges based on this incident, and he is currently being held at the Dane County Jail.

Kelly proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Kelly's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will stay this case because adjudicating Kelly's claims would unduly interfere with his related state prosecution.

---

[1] Defendant "The Capitol Police" is to be recaptioned under the name "Wisconsin State Capitol Police."

BACKGROUND

The underlying incident occurred on April 7, 2026. The next day, a criminal complaint was filed in Dane County case no. 2026CF818.[2] Kelly was charged with six offenses: (1) attempted battery on certain individuals involved with a court or legal system; (2) resisting or obstructing an officer; (3) disorderly conduct; (4) two counts of felony bail jumping; and (5) one count of misdemeanor bail jumping.

ANALYSIS

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* applies to both claims for injunctive relief and damages. *Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Kelly alleges that he was falsely arrested, and I will infer that he has a claim against defendants based on excessive force. Kelly seeks damages. Because Kelly currently faces several charges directly related to the allegations underlying these claims, adjudicating his claims would unduly interfere with his prosecution. I will stay this case pursuant to *Younger*.

ORDER

IT IS ORDERED that:

1. This case is STAYED and CLOSED pursuant to *Younger*.

---

[2] *Available at* https://wcca.wicourts.gov/case.html.

2. Kelly must move to lift the stay within 30 days after the conclusion of the above criminal proceeding, which includes any direct appeal. If Kelly fails to comply with this order, the case will remain closed, and Kelly may be barred by the statute of limitations from bringing his claims in any future case.

Entered June 4, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge